UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br> v. <br><br> SHARON D. DEVINE, DEBORAH DEVINE, DEVON DEVINE, JENNA DEVINE, and KATIE-AALEX DEVINE, <br><br> Defendants. | No: 1:05-CV-138 <br> Magistrate Judge Susan K. Lee |

**MEMORANDUM AND ORDER**

On July 11, 2006, the Court dismissed this action as to defendant Sharon Devine and granted the motion for summary judgment filed by defendants Devon Devine, Jenna Devine, and Katie-Aalex Devine[1] (collectively, "the Devine Children") [Doc. No. 22]. In the July 11, 2006 memorandum and order, the Court found the Divine Children were entitled to 100% of the proceeds of the Northwestern Mutual Life Insurance Company ("Northwestern") policy on the life of James R. Devine, which had previously been deposited with the Court [*id.* at 1-2]. The Court also directed counsel for the Devine Children to schedule a hearing to determine whether the proposed disbursement, including any deductions, to Katie-Aalex Devine is in her best interest.

The hearing to determine whether the proposed disbursement was in the best interests of Katie-Aalex Devine was held on August 1, 2006. Present at the hearing were: (1) Attorney

---

[1] Katie-Aalex Devine is a minor. Her mother, Deborah Devine, filed the motion on her behalf.

1

Elisabeth B. Donnovin for defendants Deborah Devine, Devon Devine, Jenna Devine and Katie-Aalex Devine. During the hearing, Deborah Devine sought permission from the Court to make certain disbursements from the proceeds due to Katie-Aalex Devine. Specifically, she requested (1) that $338.85, which represents one-third of the $1,016.56 balance of the attorneys' fees owed to Johnson, Mulroony & Coleman, P.C., be deducted from the minor's share of the proceeds awarded to the Devine Children and be paid to Johnson, Mulroony & Coleman, P.C., the firm which represented the Devine Children in this proceeding and with respect to their claims against their father's estate, and (2) that $1,718.26 be deducted from the minor's share and be paid to Deborah Devine to reimburse her for one-third of the $5,154.78 in attorneys' fees she has paid to Johnson, Mulroony & Coleman, P.C. to date on behalf of the Devine Children.[2]

Prior to the hearing, Deborah Devine filed an affidavit regarding her proposed use of the proceeds from the insurance policy for the minor [Doc. No. 23]. Deborah Devine's affidavit states that she is the mother and sole natural guardian of Katie-Aalex Devine, who resides with her in Kennesaw, Georgia [Doc. No. 23 at 1]. Deborah Devine's affidavit further states that Katie-Aalex Devine is to receive one-third of the proceeds from the Northwestern insurance policy on the life of James Devine [*id.*]. The gross share of the proceeds of the Northwestern policy of Katie-Aalex Devine is $15,378.53, and after deductions for attorney's fees and the costs of the litigation, Katie-Aalex Devine is anticipated to receive $13,321.42 [*id.*].

---

[2] Deborah Devine advised the Court that she will seek reimbursement from each of the other two Devine Children of their share of the attorneys' fees she has paid to date and that they each will pay their share of the outstanding bill. Because Devon Devine and Jenna Devine are not minors, neither the terms of their agreement with Deborah Devine nor any reimbursements are before the Court for approval. The information, however, assists the Court in ensuring that the minor is not bearing a disproportionate share of the attorneys' fees.

At the hearing, Deborah Devine reviewed her affidavit and affirmed the statements set forth therein. She also testified any money which is paid to her from the proceeds of the Northwestern insurance policy as the parent and natural guardian of Katie-Aalex Divine will be used solely for the benefit of Katie-Aalex Divine. Deborah Divine further testified the proceeds of the disbursement will most likely be invested in a certificate of deposit for the use of Katie-Aalex Devine in furthering her education after she completes high school. Katie-Aalex Devine testified she was aware of and was completely satisfied with the arrangements for her share of the proceeds of the life insurance policy proposed by her mother, Deborah Devine.

After reviewing the affidavit and in light of the testimony of Deborah Devine and Katie-Aalex Devine at the August 1, 2006 hearing, the Court finds the attorneys' fees charged are reasonable for the services rendered and were necessary for the protection of the interests of the Devine Children. Consequently, the Court finds that it is appropriate for the minor to pay her one-third share of the balance of the attorneys' fees incurred and to reimburse Deborah Devine for one-third of the attorneys' fees paid by Deborah Devine. Payment shall be made as indicated below.

Further, based upon her testimony at the hearing, the Court is entirely satisfied Deborah Devine will utilize the portion of the proceeds from the Northwestern insurance policy paid to her solely for the benefit of Katie-Aalex Devine; and, the Court finds it is not necessary to establish a conservatorship or guardianship over such funds. Finally, the Court is satisfied based upon the affidavit and the testimony presented at the August 1, 2006 hearing that the proposed disbursement of the funds from the Northwestern life insurance policy to her mother and natural guardian, Deborah Devine, is in the best interests of the minor, Katie-Aalex Divine.

Accordingly, it is **ORDERED**:

1. This matter is hereby **DISMISSED** as to defendant Deborah Devine, who has acknowledged through counsel that she has no interest in the funds at issue;

2. Final judgment be entered in favor of Devon Devine, Jenna Devine, and Katie-Aalex Devine in the amount of $46,135.58 plus interest earned, which is the total amount of the funds deposited with the Clerk of the Court by Northwestern and which amount represents the total amount of the funds available from the insurance policy maintained with Northwestern by Mr. Devine ("the Northwestern Policy"), which funds shall be divided among the Devine Children and distributed in the manner set forth below.

3. The proceeds of the Northwestern Policy, which are being held by the Clerk of the Court, are to be divided equally among the three Devine Children as follows:

    (a) The Clerk of the Court is hereby **DIRECTED** to issue a check payable to Devon Devine and Johnson, Mulroony & Coleman, P.C. for $15,378.53, which represents one-third of the principal proceeds from the Northwestern Policy;

    (b) The Clerk is also **DIRECTED** to issue a check to Devon Devine in an amount equal to one-third of the interest earned since the proceeds of the Northwestern Policy were deposited into the Court, less the amount due to the Clerk of the Court from that interest;

    (c) The Clerk of the Court is hereby **DIRECTED** to issue a check payable to Jenna Devine and Johnson, Mulroony & Coleman,

P.C. for $15,378.53, which represents one-third of the principal proceeds from the Northwestern Policy;

(d) The Clerk is further **DIRECTED** to issue a check to Jenna Devine in an amount equal to one-third of the interest earned since the proceeds of the Northwestern Policy were deposited into the Court, less the amount due to the Clerk of the Court from that interest;

(e) The Clerk of the Court is **DIRECTED** to issue a check payable to Johnson, Mulroony & Coleman, P.C. in the amount of $338.84 (which represents the minor's share of the $1,016.56 balance of the attorneys' fees incurred by the Devine Children in this action);

(f) The Clerk of the Court is further **DIRECTED** to issue a check payable to Deborah Devine in the amount of $1,718.26 (which represents the minor's share of the $5,154.78 in costs and attorneys' fees paid to date by Deborah Devine on behalf of the Devine Children);

(g) The Clerk of the Court is also **DIRECTED** to issue a check payable to Deborah Devine as the Natural Guardian for Katie-Aalex Devine, a minor, in the amount of $13,321.42, which represents the minor's share of the principal proceeds from the Northwestern Policy; and,

(h) The Clerk of Court is finally **DIRECTED** to issue a check to Deborah Devine as Natural Guardian for Katie-Aalex Devine in an amount equal to one-third of the interest earned since the proceeds of the Northwestern Policy were deposited into the Court, less the amount due to the Clerk of the Court from that interest.

SO ORDERED.

ENTER:

                                                  s/*Susan K. Lee*
                                                  SUSAN K. LEE
                                                  UNITED STATES MAGISTRATE JUDGE